UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AMERICAN OVERSIGHT,<br>    *Plaintiff*,<br>  v.<br>U.S. DEPARTMENT OF STATE,<br>    *Defendant*. | Civil Action No. 18-2579-ABJ |

## DEFENDANT'S ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, the United States Department of State, by and through its undersigned counsel, respectfully submits this answer to the complaint filed by Plaintiff American Oversight.

### AFFIRMATIVE DEFENSES

1. The complaint fails in whole or in part to state a claim upon which relief can be granted.

2. Plaintiff is not entitled to information protected from disclosure by one or more exemptions to the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552.

3. The Court lacks subject-matter jurisdiction to award relief that exceeds that authorized by FOIA.

### RESPONSES TO THE NUMBERED PARAGRAPHS

Defendant denies all of the allegations in the complaint, including the relief sought, except to the extent specifically admitted herein. Defendant admits, denies, or otherwise answers the numbered paragraphs in the complaint as follows:

1. This paragraph does not contain allegations but rather a characterization to which no response is required.

## Jurisdiction and Venue[1]

2. This paragraph does not contain allegations but rather a conclusion of law to which no response is required. To the extent that a response is deemed required, Defendant admits that this Court has jurisdiction subject to the terms and limitations of FOIA.

3. This paragraph does not contain allegations but rather a conclusion of law to which no response is required. To the extent that a response is deemed required, Defendant admits only that venue is proper in the judicial district.

4. This paragraph does not contain allegations but rather a conclusion of law to which no response is required. To the extent that a response is deemed required, Defendant admits only that Plaintiff is deemed to have constructively exhausted its administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i).

## Parties

5. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

6. Defendant admits the allegations in the first sentence of this paragraph. Defendant lacks knowledge or information sufficient to form a belief about the allegations in the second sentence of this paragraph.

## Statement of Facts

7. Defendant admits that has it received seven FOIA requests from Plaintiff as specified in the following paragraphs.

8. Admit.

---

[1] Defendant has included the headings from the complaint for the sole purpose of assisting in the reading of this answer and does not admit the accuracy of those headings.

9. Admit.

10. Admit.

11. Admit.

12. Admit.

13. Admit.

14. Admit.

15. Admit.

16. Admit.

17. Admit.

18. Admit.

19. Admit.

20. Defendant admits that Plaintiff requested the records of the Ambassador or any Counselor for Public Affairs of the U.S. Embassies in the following nations: India, China, Israel, Mexico, Brazil, Egypt, Indonesia, Saudi Arabia, Ireland, Azerbaijan, Georgia, Qatar, Canada, Philippines, Russia, South Korea, Turkey, the United Arab Emirates, the United Kingdom, and Uruguay. Defendant denies that Plaintiff requested the records of the Chief of Mission of those U.S. Embassies.

21. Admit.

22. Admit.

23. Admit.

24. Admit.

25. Admit.

26. Admit.

27. Admit.

28. Admit.

29. Admit.

30. Admit.

31. Admit.

32. Admit.

33. Admit.

34. Admit.

35. Admit.

36. Admit.

37. Admit.

38. Admit.

39. Admit.

40. Admit.

41. Admit.

42. Admit.

43. Admit.

44. Admit.

45. Admit.

46. Admit.

47. Defendant admits that it has not notified Plaintiff of determinations with respect to its requests and that Plaintiff has constructively exhausted its administrative remedies.

## Count I

48. Defendant incorporates its responses to paragraphs 1 through 47 as set forth herein.

49. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

50. Defendant admits that it is an agency of the United States as defined by 5 U.S.C. § 552(f)(1) and that it is subject to FOIA.

51. Deny.

52. This paragraph does not contain allegations but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the statements in this paragraph.

53. This paragraph does not contain allegations but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the statements in this paragraph.

## Count II

54. Defendant incorporates its responses to the foregoing paragraphs as set forth herein.

55. Defendant lacks knowledge or information sufficient to form a belief about the allegations in this paragraph.

56. Defendant admits that it is an agency of the United States as defined by 5 U.S.C. § 552(f)(1) and that it is subject to FOIA.

57. This paragraph does not contain allegations but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the statements in this paragraph.

58. This paragraph does not contain allegations but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the statements in this paragraph.

59. This paragraph does not contain allegations but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the statements in this paragraph.

60. This paragraph does not contain allegations but rather conclusions of law to which no response is required. To the extent a response is deemed required, Defendant denies the statements in this paragraph.

## Requested Relief

The remainder of Plaintiff's complaint consists of Plaintiff's request for relief, to which no response is required. To the extent that a response is deemed required, Defendant denies that Plaintiff is entitled to any of the requested relief.

Dated: December 13, 2018

Respectfully submitted,

JESSIE K. LIU, D.C. Bar #472845
United States Attorney

DANIEL F. VAN HORN, D.C. Bar #924092
Chief, Civil Division

By:  /s/ Johnny Walker
JOHNNY H. WALKER, D.C. Bar # 991325
Assistant United States Attorney
555 4th Street, N.W.
Washington, District of Columbia 20530
Telephone: 202 252 2575
Email: johnny.walker@usdoj.gov

*Counsel for Defendant*